**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 111884

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Andrew Bruno, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Galaxy International Purchasing, LLC and Convergent Outsourcing, Inc., <br><br> Defendants. | Docket No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Andrew Bruno, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Galaxy International Purchasing, LLC and Convergent Outsourcing, Inc. (hereinafter referred to collectively as "*Defendants*"), as follows:

## INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

BARSHAY | SANDERSᴘʟʟᴄ
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4.      At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5.      Plaintiff Andrew Bruno is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      On information and belief, Defendant Galaxy International Purchasing, LLC, is a Nevada Limited Liability Company with a principal place of business in Clark County, Nevada.

8.      On information and belief, Defendant Convergent Outsourcing, Inc., is a Washington Corporation with a principal place of business in King County, Washington.

9.      Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11.     Defendants allege Plaintiff owes a debt ("the debt").

12.     The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13.     The debt was incurred on a credit card issued by Mastercard.

14.     At all relevant times herein, Plaintiff's debt accrued, and was subject to, interest.

15.     At all relevant times herein, Plaintiff's debt accrued, and was subject to, late fees

16.     Sometime after the incurrence of the debt Plaintiff fell behind on payments owed.

17.     Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants for collection.

18.     In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the letter") dated April 1, 2016. (**"Exhibit 1."**)

19.     The letter was the initial communication Plaintiff received from Defendants.

20.     The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS*PLLC*
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

21.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

22.     One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

23.     A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

24.     The letter sets forth a balance of $278.06.

25.     The letter indicates that interest is accruing on the debt.

26.     The letter fails to disclose whether the balance will continue to increase due to additional interest.

27.     The letter fails to disclose whether the balance will continue to increase due to additional late fees.

28.     The letter fails to disclose whether the balance may increase due to additional interest if the settlement is not accepted.

29.     The letter fails to disclose whether the balance may increase due to additional late fees if the settlement is not accepted.

30.     The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

31.     The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

32.     The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

33.     The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the value of Defendant's settlement offer because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static, if the settlement was not accepted.

34.     The letter, because of the aforementioned failures, would render the least

BARSHAY | SANDERS, PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

sophisticated consumer unable to determine the value of the settlement offer because the consumer would not know whether interest and fees would continue to accrue after February 12, 2016, the date of the expiration of the offers.

35.     The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the amount stated at any time after receipt of the letter.

36.     The least sophisticated consumer could also reasonably believe that the balance was accurate only on the date of the letter because of the continued accumulation of interest.

37.     The least sophisticated consumer could also reasonably believe that the balance was accurate only on the date of the letter because of the continued accumulation of late fees.

38.     If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

39.     If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible late fees.

40.     For these reasons, Defendants failed to clearly state the amount of the debt.

41.     For these reasons, Defendants failed to unambiguously state the amount of the debt.

42.     For these reasons, the letter would likely make the least sophisticated consumer uncertain as to the amount of the debt.

43.     For these reasons, the letter would likely make the least sophisticated consumer confused as to the amount of the debt.

44.     Defendants violated § 1692g as they failed to clearly, explicitly and unambiguously convey the amount of the debt.

45.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46.     The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

47.     While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

48.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

49.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

50.    15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

51.    As previously alleged, the least sophisticated consumercould reasonably read the letter to mean that the balance was static.

52.    As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the balance was dynamic due to the continued accumulation of interest.

53.    As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the balance was dynamic due to the accumulation of late fees.

54.    Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

55.    Because the letter can reasonably be read by the least sophisticated consumer to havetwo or more meanings, one of which is inaccurate,as described, it is deceptive under 15 U.S.C. § 1692e.

56.    Defendants violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in their attempt to collect a debt.

## CLASS ALLEGATIONS

57.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using the same unlawful form letter herein, from one year before the date of this Complaint to the present.

58.    This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

59.    Defendant regularly engages in debt collection, using the same unlawful letter

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

described herein, in its attempts to collect delinquent consumer debts from other persons.

60.    The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using the same unlawful letter described herein.

61.    Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

62.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

63.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.    Moreover, Plaintiff HAS retained counsel experienced in actions brought under the FDCPA.

### JURY DEMAND

64.    Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

       a.   Certify this action as a class action; and

       b.   Appoint Plaintiff as Class Representatives of the Class, and her attorneys as Class Counsel; and

       c.   Find that Defendant's actions violate the FDCPA; and

BARSHAY | SANDERSPLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

d.   Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.   Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.   Grant Plaintiff's costs; together with

g.   Such other relief that the Court determines is just and proper.

DATED: March 10, 2017

**BARSHAY SANDERS, PLLC**

By:   ____*/s/ Craig B. Sanders*_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 111884